## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | |
|---|---|
| **STEVEN E. BROWNING** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 2:11-CV-168-KS-MTP** |
| **BORAL BRICKS, INC.** | **DEFENDANT/THIRD PARTY PLAINTIFF** |
| v. | |
| **SOUTHERN TIRE MART, LLC** | **THIRD PARTY DEFENDANT** |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Southern Tire Mart, LLC's Motion to Dismiss [13]. Accordingly, Boral Bricks, Inc.'s Third Party Complaint is dismissed without prejudice.

### I. BACKGROUND

Boral Bricks, Inc. ("Boral") entered into an Independent Contractor Agreement with Southern Tire Mart, LLC ("Southern Tire") for tire repairs and sales. Pursuant to this contract, Steven Browning – an employee of Southern Tire – responded to a service call from Boral to repair a tire on one of its vehicles. As Browning attempted to repair the tire, it exploded, causing the rim to strike him in the face and arm.

Browning subsequently filed a Complaint, alleging that his injuries were proximately caused by Boral's negligence. Boral denied Browning's allegations and filed a Third Party Complaint against Southern Tire. Boral alleged that the Independent Contractor Agreement contained an indemnity provision, requiring Southern Tire to defend and indemnify it against all claims asserted by Browning. Accordingly, Boral demanded a judgment against Southern Tire in the amount of any judgment obtained by Browning, as well as attorney fees, costs, and expenses accrued in the defense

of Browning's action.

In response, Southern Tire filed a Motion to Dismiss [13] the Third Party Complaint, which the Court now addresses.

## **II. STANDARD OF REVIEW**

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173

L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

### III. DISCUSSION

Among other things, Southern Tire argues that Boral failed to adequately plead a claim for indemnification. Boral failed to respond to this argument. "An obligation to indemnify may arise from a contractual relation, from an implied contractual relation, or out of liability imposed by law." *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1216 (Miss. 2001). To prevail on an indemnity claim, a party "must allege and prove that (1) it was legally liable to an injured third party, (2) it paid under compulsion, and (3) the amount it paid was reasonable." *Id.*; *see also Certain Underwriters at Lloyd's of London v. Knostman*, 783 So. 2d 694, 698-99 (Miss. 2001) (where party failed to prove the above elements, summary judgment was appropriate); *Columbia Welding Serv., Inc. v. The BOC Group, Inc.*, No. 2:06-CV-128-MTP, 2007 U.S. Dist. LEXIS 50821, at *9-*12 (S.D. Miss. July 13, 2007) (where plaintiff failed to offer evidence of the above elements, summary judgment was appropriate); *United States Envtl. Servs., Inc. v. Manning Trucking, Inc.*, No. 1:05-CV-369-LG-RHW, 2007 U.S. Dist. LEXIS 7475, at *8-*10 (S.D. Miss. Jan. 31, 2007) (where plaintiff failed to establish the above elements, dismissal was appropriate). Boral did not allege any of the above elements. Indeed, in its Answer to Browning's Complaint, Boral denied that it was liable for his injuries. Accordingly, the Court grants Southern Tire's Motion to Dismiss.

### IV. CONCLUSION

For the reasons stated above, the Court grants Southern Tire's Motion to Dismiss [13]. Accordingly, the Third Party Complaint filed by Boral Bricks, Inc. is dismissed without prejudice.

SO ORDERED AND ADJUDGED this 8th day of December, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE