IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVEN E. BROWNING**                                              **PLAINTIFF**

v.                                                  CIVIL ACTION NO. 2:11-CV-168-KS-MTP

**BORAL BRICKS, INC.**                     **DEFENDANT/THIRD PARTY PLAINTIFF**

v.

**SOUTHERN TIRE MART, LLC**                          **THIRD PARTY DEFENDANT**

## ORDER

For the reasons stated below, the Court **grants** the Motion for Reconsideration [20] filed by Defendant/Third Party Plaintiff Boral Bricks, Inc.

### I. BACKGROUND

Boral Bricks, Inc. ("Boral") entered into an Independent Contractor Agreement with Southern Tire Mart, LLC ("Southern Tire") for tire repairs and sales. Pursuant to this contract, Steven Browning – an employee of Southern Tire – responded to a service call from Boral to repair a tire on one of its vehicles. As Browning attempted to repair the tire, it exploded, causing the rim to strike him in the face and arm.

Browning subsequently filed a Complaint, alleging that his injuries were proximately caused by Boral's negligence. Boral denied Browning's allegations and filed a Third Party Complaint against Southern Tire. Boral alleged that the Independent Contractor Agreement contained an indemnity provision which requires Southern Tire to defend and indemnify it against all claims asserted by Browning.

Accordingly, Boral demanded a judgment against Southern Tire in the amount of any judgment obtained by Browning, as well as attorney fees, costs, and expenses accrued in the defense of Browning's action.

In response, Southern Tire filed a Motion to Dismiss [13] the Third Party Complaint, arguing – among other things – that Boral failed to adequately plead an indemnity claim under Mississippi law. The Court agreed that Boral had not adequately plead an indemnity claim under Mississippi law and granted the Motion to Dismiss in an order [18] entered on December 8, 2011.

On December 29, 2011, Boral filed a Motion for Reconsideration [20], requesting that the Court reconsider its previous order dismissing the Third-Party Complaint against Southern Tire. Boral wishes to amend the pleading to seek a declaratory judgment as to the indemnity issues arising from the contract between it and Southern Tire. Alternatively, Boral seeks leave to file a new third-party complaint seeking a declaratory judgment on the same issue.

## II. STANDARD OF REVIEW

Motions for reconsideration are either addressed under Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* A motion for reconsideration filed and served within twenty-eight days of the filing of the order to be reconsidered is reviewed under Rule 59(e), while anything filed and served after that is reviewed under Rule 60(b). *See Yarrito v. United States*, No. 5:11-CV-44-DCB-JMR, 2011 U.S. Dist. LEXIS 52312, at *1 (S.D. Miss. May 16, 2011); *Gunn v. City of Cleveland*, No. 2:09-CV-114-MPM, 2011

U.S. Dist. LEXIS 83927, at *3-*4 (N.D. Miss. July 29, 2011). Boral filed its motion for reconsideration within twenty-eight days of the Court's order granting Southern Tire's motion to dismiss. Accordingly, Rule 59(e) applies.

Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007). The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, its discretion is not limitless, and it should be exercised with two "important judicial imperatives" in mind: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479.

There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). In the present case, the Court committed a clear error of law in its previous order, and amendment under Rule 59(e) is appropriate.

### III. DISCUSSION

Rule 14 provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." FED. R. CIV. P. 14(a)(1). Rule 14's purpose is to "promote judicial efficiency," and "to adjudicate interrelated matters in one litigation, so as to obtain consistent and fair results for the parties and avoid duplication of effort for the courts." *Certain Interested Underwriters at Lloyd's v. Tupelo Pub. Sch. Dist.*, 898 F. Supp. 381, 384 (N.D. Miss. 1995).

As Rule 14 "encompasses any person who is or may be liable . . . , the accrual of a right is sometimes accelerated under" it. *Travelers Ins. Co. v. Busy Electric Co.*, 294 F.2d 139, 145 (5th Cir. 1961). Indeed, third-party claims typically concern "a right of indemnity, contribution, subrogation or warranty." *First Bank & Trust v. Emp'rs Mut. Cas. Co.*, 268 F.R.D. 275, 277 (S.D. Miss. 2010). Therefore, Rule 14(a) provides a means of circumventing "the nature of indemnity which ordinarily imposes an obligation to reimburse another only after sustaining a loss." *Busy Electric Co.*, 294 F.2d at 145. If a third-party claim for indemnity has not accrued, the Court may still enter a declaratory judgment as to the issue – even if the defendant/third-party plaintiff did not specifically request declaratory relief. *Id.* Therefore, the Court erred in its earlier order. The Court may adjudicate the parties' rights and obligations under the

Independent Contractor Agreement regardless of whether Boral has already suffered a loss with regard to Browning's claims.

Southern Tire argues that the Court should deny Boral's request to amend the previous third-party complaint or to file a new third-party complaint because the declaratory judgment claim would be futile, citing arguments raised in its previous motion to dismiss. Southern Tire made a contract interpretation argument which the Court declined to address, opting to decide the motion on the more narrow issue of whether an indemnity claim had accrued. However, if the Court had correctly decided the indemnity claim accrual question, it would have been necessary to address the broader contract interpretation issues raised by Southern Tire, which were fully briefed by the parties.

Boral seeks leave to amend its third-party complaint to request declaratory relief. The Court intends to allow the amendment. Accordingly, the parties' previous arguments and briefing are moot, insofar as they concerned the first third-party complaint. If Southern Tire wishes to raise the same argument with respect to the amended third-party complaint, then it may file a new motion to dismiss after Boral files the amended third-party complaint. The Court recognizes that this is a rather circuitous course of action, but the Court believes it to be a wise one – primarily because it will ensure that the record is clear moving forward.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Third-Party Plaintiff Boral Bricks, Inc.'s Motion for Reconsideration [20]. The Court withdraws its order [18] of December 8, 2011. Defendant/Third-Party Plaintiff Boral Bricks, Inc. shall file its Amended Third-Party Complaint within fourteen days of the entry of this order.

SO ORDERED AND ADJUDGED this 13th day of February, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE