IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVEN E. BROWNING**                                          **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:11-CV-168-KS-MTP**

**BORAL BRICKS, INC.**                                          **DEFENDANT**

**v.**

**SOUTHERN TIRE MART, LLC**                          **THIRD PARTY DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Third Party Defendant Southern Tire Mart, LLC's Motion to Dismiss [28].

### I. BACKGROUND

On August 17, 2006, Boral Bricks, Inc. ("Boral") entered into an Independent Contractor Agreement (the "Agreement") with Southern Tire Mart, LLC ("Southern Tire"). The Agreement contained the following indemnity provision:

> 12. **Indemnity**. [Southern Tire] shall indemnify Boral and hold it harmless from and against any and all claims, actions, damages, liabilities, payments, taxes, interests, penalties, fees, and expenses in connection with loss of life, personal injury, damage to property, other damages and/or claims occasioned wholly or in part by the act or omission of [Southern Tire], its agents, subcontractors, or employees, and arising from or out of or in connection with any breach of this Agreement by [Southern Tire] and/or [Southern Tire's] performance of its duties pursuant to this Agreement.

The Agreement also contained an insurance provision which required Southern Tire to procure and maintain an insurance policy which provided coverage against "all claims, demands, or actions arising out of or in connection with [Southern Tire's], and

its agents, subcontractors and employees, performance of its duties" under the Agreement. Southern Tire agreed to maintain at least $1 million of commercial and general liability coverage, to "instruct its insurer to name Boral as an additional insured under such policy or policies," and to "provide Boral with written evidence of such endorsement."

Steven Browning was an employee of Southern Tire who responded to a service call from Boral on June 13, 2008. As Browning attempted to repair a tire on a vehicle owned by Boral, the tire exploded, injuring him. Browning subsequently filed a Complaint against Boral in the County Court of Forrest County, Mississippi, and Boral removed the case to this Court [1].

Boral filed a Third Party Complaint [10] against Southern Tire, seeking indemnification under the Agreement. Southern Tire responded with a Motion to Dismiss [13], which the Court initially granted [18]. However, the Court later reconsidered its dismissal of Boral's Third Party Complaint [25], and Boral filed an Amended Third Party Complaint [26] for a declaratory judgment as to whether Southern Tire is required to indemnify it in the event that a judgment is entered in Browning's favor and to cover all of its costs, fees, and expenses in both defending against Brown's claims and enforcing the Agreement. Boral also asserted claims for breach of contract.

Southern Tire responded with a second Motion to Dismiss [28], which the Court now considers.

## II. DISCUSSION

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A

plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

## A. *Application of the Indemnity Provision*

First, Southern Tire argues that it is not required to defend or indemnify Boral because Browning's Complaint asserts claims based solely on Boral's own negligence, and the parties did not clearly and unequivocally[1] agree that Southern Tire would indemnify Boral against its own negligence. In response, Boral argues that the broad language of the Agreement indicates the parties' intention that Southern Tire indemnify Boral for any claims arising from Southern Tire's performance of the contract, regardless of whose negligence occasioned them.

At present, it is not necessary for the Court to determine whether the parties agreed that Southern Tire would indemnify Boral for its own negligence. Even if Southern Tire's interpretation of the contract is correct, the Court does not assess the applicability of an indemnification provision within a service contract like the subject Agreement by reference to the allegations of the underlying complaint. Rather, the Court determines Southern Tire's obligations under the indemnification provision by reference to the actual events or the findings of fact related thereto. *See Am. Cyanamid*

---

[1] *See Martin v. Sears, Roebuck & Co.*, 24 F.3d 765, 767 (5th Cir. 1994) ("Under Mississippi law, an indemnitee will be indemnified against its own negligence when the contract shows by clear and unequivocal language that this is the intention of the contracting parties.").

4

*Co. v. Campbell Constr. Co.*, 864 F. Supp. 580, 582-84 (S.D. Miss. 1994) (although indemnification provision could not, by statute, protect an indemnitee against its own negligence, a jury found that the disputed injuries were not caused by the indemnitee's negligence; therefore, the indemnification provision applied); *U-Haul Co. v. White*, 232 So. 2d 705, 707 (Miss. 1970) (to determine whether an indemnification provision applied, the court looked at the jury's findings of fact). Therefore, the Court denies Southern Tire's Motion to Dismiss insofar as it pertains to Boral's demands for defense and indemnity under the Agreement.

## B. *Breach of Contract and the Statute of Limitations*

Boral alleged that Southern Tire breached the Agreement in eleven different ways. Southern Tire argues that nine of the claims are barred by the applicable statute of limitations.[2] The parties agree that claims for breach of a written contract are subject to a three-year statute of limitations in Mississippi. *Levens v. Campbell*, 733 So. 2d 753, 758 (Miss. 1999). However, the parties disagree as to when a breach of contract claim accrues.[3] Southern Tire argues that a breach of contract claim accrues at the time of breach, while Boral argues that a breach of contract claim accrues at the

---

[2]The first two alleged breaches of contract relate to Southern Tire's failure to defend or indemnify Boral in this matter.

[3]The parties also disagree as to whether Boral's Amended Third Party Complaint [26], filed on February 16, 2012, relates back to the date of the original Third Party Complaint [10], October 5, 2011. It is not necessary for the Court to address the issue at this time, as it would not alter the result of Southern Tire's motion. The parties also failed to provide any briefing on the applicable procedureal rule. *See* FED. R. CIV. P. 15(c).

5

time of injury.

"In Mississippi, a breach of contract claim accrues at the time of the breach regardless of when damages resulting from the breach occur." *First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce*, 220 F.3d 331, 334 (5th Cir. 2000); *see also United States ex rel. Shannon v. Fed. Ins. Co.*, 251 F. App'x 269, 271 (5th Cir. 2007); *Young v. S. Farm Bureau Life Ins. Co.*, 592 So. 2d 103, 107 (Miss. 1991) ("in the case of breach of contract, the cause of action accrues at the time of the breach").[4] Therefore, the Court must determine when Southern Tire committed each of the nine alleged breaches of contract.

First, Boral alleged that Southern Tire breached the Agreement by failing to name Boral as an additional insured on certain liability insurance policies and failing to provide Boral with written evidence of the insurance. The Agreement plainly requires that Southern Tire obtain insurance coverage, name Boral as an additional insured on the policy, and provide Boral with written evidence of such. The obligation

---

[4]Plaintiff cites *Citifinancial Mortg. Co. v. Washington*, 967 So. 2d 16 (Miss. 2007), for the principle that a breach of contract claim accrues on the date of injury. That opinion includes the following language: "In a contractual claim, a cause of action accrues on the date of actual injury, the date the facts occurred which enable the plaintiffs to bring a cause of action." *Id.* at 19. However, the *Washington* plaintiffs claimed that the defendant made oral representations regarding the terms of a prospective loan, but that the actual loan documents contained terms less favorable than those represented. *Id.* at 18. The Mississippi Supreme Court held that the plaintiffs' claims stemming from the execution of the loan agreement accrued on the date the loan agreement was executed. *Id.* at 19. Therefore, despite the language concerning the "date of actual injury," the Supreme Court's *Washington* decision was consistent with the principle that a breach of contract claim accrues on the date of breach.

appears to accrue upon the execution of the contract. Therefore, the Court finds that Boral's breach of contract claim stemming from Southern Tire's alleged failure to name Boral as an additional insured[5] accrued on August 17, 2006, the date on which the parties executed the Agreement. Boral filed its Third Party Complaint [10] on October 5, 2011, over three years later. Therefore, Boral's claim stemming from Southern Tire's alleged breach of the contract's insurance provision is barred by the applicable statute of limitations, and the Court grants Southern Tire's Motion to Dismiss [28] as it pertains to paragraph 11, subsection (3) of the Amended Third Party Complaint.

Boral also pled a number of breach of contract claims related to Southern Tire's alleged 1) failure to provide Browning with sufficient training, 2) failure to familiarize Browning with safety regulations, 3) utilization of an inadequately trained employee, 4) failure to ensure that Browning understood and followed applicable safety procedures, 5) failing to determine the cause of Browning's accident, 6) failing to ensure that Browning understood and adhered to established safe work practices, 7) failure to report any unsafe conditions or potential hazards in the work area, and 8) failure to notify Browning of the provisions of Boral's Contractor Safety Guidelines.[6] Southern Tire argues that these causes of action accrued, at the latest, on the date of the subject accident, June 13, 2008.

---

[5]This claim is in paragraph 11, subsection (3) of Boral's Amended Third Party Complaint [26].

[6]These claims are in paragraph 11, subsections (4) through (11) of Boral's Amended Third Party Complaint [26]

7

In response, Boral contends that some of the breach of contract claims are premised upon post-accident obligations, and that there has been no discovery to determine when those claims accrued. Specifically, Boral's claims for Southern Tire's alleged failure to determine the cause of the accident and to report any unsafe conditions or potential hazards in the work area[7] concern obligations which would arise after the accident. The only dates alleged in the Amended Third Party Complaint [26] are the date on which the parties executed the Agreement and the date on which the accident occurred. Boral did not allege the date on which Southern Tire breached the Agreement's provisions regarding post-accident obligations. *See* MISS. CODE ANN. § 15-1-49(2). Accordingly, the Court denies Southern Tire's Motion to Dismiss [28] as it pertains to paragraph 11, subsections (8) and (10) of the Amended Third Party Complaint.

Southern Tire argues that the remaining breach of contract claims – paragraph 11, subsections (4), (5), (6), (7), (9), and (11) – had to have accrued by the date of the accident, at the latest. The Court agrees, as the remaining breach of contract claims pertain to pre-accident obligations. The accident occurred on June 13, 2008, and Boral filed its Third Party Complaint [10] on October 5, 2011 – over three years later. Therefore, the Court grants Southern Tire's Motion to Dismiss [28] as it pertains to paragraph 11, subsections (4), (5), (6), (7), (9), and (11) of the Amended Third Party Complaint.

---

[7]These claims are in paragraph 11, subsections (8) and (10) of the Amended Third Party Complaint [26].

## III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Southern Tire's Motion to Dismiss [28]. The Court grants the motion as it pertains to the breach of contract claims in paragraph 11, subsections (3), (4), (5), (6), (7), (9), and (11) of the Amended Third Party Complaint. The Court denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 11th day of April, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE